IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JESSIE W. JONES,**
**D.O.C. # B-M24331,**

    **Plaintiff,**

vs.                                      Case No. 4:24cv133-WS-MAF

**SOLITARY WATCH,**
**DONALD J. TRUMP, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

    This is the fifth case initiated in this Court by Plaintiff Jessie W. Jones, a prisoner incarcerated in the Florida Department of Corrections who is proceeding pro se. This case was initiated on March 18, 2024. ECF Nos. 1,2. However, Plaintiff initiated four cases during the month of February 2024. *See* case # 4:24-cv-030-AW-MJF, filed on 02/26/24; case # 4:24-cv-049-WS-MAF, filed on 02/05/24; case # 4:24-cv-061-AW-MAF, filed on 02/05/24; and case # 4:24-cv-063-MW-MAF, filed on 02/05/24. Notably, in none of those cases has Plaintiff acknowledged an important

fact: Plaintiff is a "three striker" pursuant to the provisions of the Prison Litigation Reform Act ["PLRA]".

Judicial notice is taken of case number 1:22-cv-20568-KMM, filed in the United States District Court for the Southern District of Florida. This Court has confirmed that the case was filed by Plaintiff Jessie Wimsy Jones because his inmate number is listed on the docket (M24331). Plaintiff initiated that case on February 23, 2022, and it was dismissed with prejudice on March 3, 2022. See ECF No. 4 of case # 1:22cv20568. The reason it was dismissed is important - United States District Judge K. Michael Moore reviewed Plaintiff's litigation history and listed Plaintiff's "strikes" - that is, cases dismissed for the reasons stated in 28 U.S.C. § 1915(g) - that they were frivolous, malicious, or failed to state a claim.

Judge Moore listed three prior cases filed by Plaintiff which were dismissed in the Southern District:

- Jones v. Fla. Dep't of Corr., No. 1:19-cv-21700-FAM, dismissed for failure to state a claim and comply with court orders;

- Jones v. Silva, No. 1:19-cv-21133-KMW, dismissed for failure to state a claim;

- Jones v. Phillipe, No. 1:08-cv-20552-AJ, dismissed for failure to exhaust administrative remedies.

Case No. 4:24cv133-WS-MAF

In addition to those cases, judicial notice is taken that Plaintiff has previously had two cases dismissed under the "three strikes" provision of the PLRA - <u>Jones v. Officer N. Lee</u>, No. 1:21-cv-22093-DPG, dismissed on July 19, 2021, and <u>Jones v. Hardy,</u> No. 1:22cv20568-KMM, dismissed on March 3, 2022.

Here, Plaintiff filed a civil rights complaint, ECF No. 1, and an in forma pauperis motion, ECF No. 2, at the time of case initiation. Although Plaintiff provided three incomplete case numbers in response to the question as to whether he had previously had any cases dismissed under § 1915(g), *see* ECF No. 1 at 9, Plaintiff did not provide the reasons the cases were dismissed. He provided vague remarks about trashing his personal property and rewriting his complaint. *Id.* He did not clearly reveal that the has "three strikes." Indeed, Plaintiff's listing of cases is incomplete and vague, and considering that Plaintiff did not disclose that he has three "strikes" in any of the other four cases initiated in this Court last month, it is concluded that Plaintiff is willfully attempting to conceal his "strikes" from this Court.

Pursuant to 28 U.S.C. § 1915(g), because Plaintiff is a "three striker" he is entitled to in forma pauperis status only if the complaint presents

Case No. 4:24cv133-WS-MAF

sufficient allegations to show that Plaintiff is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff presents no such allegations. Instead, Plaintiff's complaint is a rambling and unintelligible narrative which names political figures such as the President and Governor, but which fails to demonstrate or even allege imminent danger. ECF No. 1. The complaint is frivolous.

This case should be summarily dismissed because Plaintiff did not submit the filing fee at the same time the complaint was submitted and Plaintiff is not entitled to in forma pauperis status. <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." *Id.*

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** because Plaintiff is not entitled to in forma pauperis status pursuant to 28 U.S.C. § 1915(g), his motion for in forma pauperis status, ECF No. 2, should be **DENIED**, and it is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk

Case No. 4:24cv133-WS-MAF

of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on March 22, 2024.

  S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**